### HUFF v. GLENN.
Civ. 1467.

United States District Court,
W. D. Kentucky, at Louisville.
Aug. 2, 1949.

J. Paul Keith, Jr., Jones, Keith & Jones, Louisville, Ky., for plaintiff.

Theron Lamar Caudle, Assistant Attorney General, Andrew D. Sharpe, C. Moxley Featherston, Special Assistants to the Attorney General, David C. Walls, United States Attorney, Ben T. Coope, Assist-

ant United States Attorney, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This case involves the validity, for income tax purposes, of an alleged partnership claimed to have existed between the plaintiff and his wife Margaret Huff for the years 1942 and 1943.

The amount involved is $5,082.48, the aggregate of an assessment made against the plaintiff for the two years involved and paid January 18, 1947.

Claim for refund, filed September 12, 1947, was not acted upon for more than six months next before filing of this action.

Jurisdiction is founded on Section 1340, Title 28, U.S.C.A.

The determination of the question is sought to be made under the rules and reasoning embodied in the opinions of the Supreme Court in Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679, and Commissioner of Internal Revenue v. Culbertson, 69 S.Ct. 1210.

## Findings of Fact

The partnership of Farson & Huff was organized November 15, 1934, when the Gardner Advertising Agency ceased operations in Louisville, Kentucky, Farson and Huff having been employees of the Gardner Company.

Margaret Huff, wife of plaintiff, at that time was employed by the Courier Journal, and the writer of a feature article known as the "Young America Club."

Farson deposited certain securities in escrow to establish a line of credit for the new company, but invested no new capital in the enterprise.

Huff had no money. Mrs. Huff secured an advancement of $1175 from her mother, as co-executor of her father's estate. This latter sum was the only cash invested in the new venture.

There is little doubt but that Mrs. Huff was recognized as a partner at that time, as Mr. Farson accompanied her on numerous trips throughout the country in an effort to sell the "Young America Club" to publishers outside of Louisville. He also assisted her in printing and selling radio features, which she had prepared.

During these years, the income tax returns show Mrs. Huff to be a partner.

The partnership continued to grow and the earnings were largely permitted to remain in the partnership funds. Farson owned a fifty percent interest and Seaton Huff and Margaret Huff twenty-five percent each.

January 1, 1937, Mr. Loring W. Roush, a former employee of the partnership, was made a partner and an agreement was adduced in writing providing that the profits should be divided fifty percentum to Farson, one third to J. S. Huff and one-sixth to Roush, no mention being made in this agreement of Mrs. Huff. However, it is shown she continued to perform services for the partnership and her investment of $1175 remained in the partnership assets.

Roush put in $2500 in cash and the agreement provided that the $5000 and $2500 to be invested by Farson and Huff were to be reflected by the net worth of the company.

April 14, 1938, Farson died and after his interest in the partnership was purchased from his wife, it was decided to continue the business and to share the profits—two thirds to Huff and one-third to Roush.

The partnership income tax returns continued to show Mrs. Huff as a partner, the returns for the partnership being signed by Roush.

From the formation of the Farson & Huff Company in 1934 up to the time of the filing of these suits, Mrs. Huff testified she performed services in reviewing advertising copy, planning displays and particularly in advising on the use of color in certain textile accounts.

As a result of the investigation of the plaintiff's income tax returns for the years 1942 and 1943, there was allocated to Mrs. Huff, the sum of $5000, as compensation for her services and for the use of her money, though no question was raised for the years 1939, 1940 and 1941, during

388

which the tax returns showed Mrs. Huff to be a partner, and entitled to receive and receiving one-sixth of the income of the partnership.

### Conclusions of Law

In Commissioner of Internal Revenue v. Culbertson et uxor, 69 S.Ct. 1210, 1214, the test of a family partnership is thus stated—

"The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case, but whether, considering all the facts—the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * *

"If, upon a consideration of all the facts, it is found that the partners joined together in good faith to conduct a business, having agreed that the services or capital to be contributed presently by each is of such value to the partnership that the contributor should participate in the distribution of profits, that is sufficient."

Under this rule it would appear that the money advanced by Mrs. Huff, together with her qualifications and services admittedly rendered in furtherance of the business of the partnership, are sufficient to meet the test laid down in the Culbertson case.

In Kent v. Commissioner of Internal Revenue, 6 Cir., 170 F.2d 131, the husband made a gift to his wife of the majority stock in a corporation owned by him. The remainder of the shares were sold to one Lenier. The corporation was then dissolved and a partnership between Kent and Lenier was formed. Later this partnership entered into another partnership in which Mrs. Kent had an interest. Later Mr. Kent entered into a third partnership,

known as the Helena AeroTech and while Mrs. Kent was not named in this partnership, she claimed an interest in it. There was no mention of her having performed any services at any time. However, the gift of stock to her by her husband was a valid and irrevocable gift. The Court held a valid partnership existed as to the three partnerships and that it was immaterial that Mrs. Kent's name did not appear in the partnership agreement. The crux of that case was the investing of Mrs. Kent's money or personal property in the three partnerships.

In Graber v. Commissioner, 10 Cir., 171 F.2d 32, 35, a husband and wife began the cattle business in 1916, upon $2000 which the wife had accumulated from an inheritance and as a school teacher, the husband having no funds. They engaged in various partnerships with third persons, more often than not, the wife's name being entirely omitted from any partnership agreements. The Tax Court had determined that because the $2000 original investment could not be traced through the series of transactions from 1916 through the year 1943, and because it was of the opinion that the services the wife performed were largely for the benefit of the taxpayer as his wife and not actually as a partner, no valid partnership for tax purposes existed. The Court there, in reversing the taxpayer, said— "We think, however, that the facts conclusively show that her interest in the partnership was acquired with funds originating with her. It is true that her original investment of $2,-000.00 cannot be traced dollar for dollar, and from one cattle transaction to another, or for that matter from one partnership to another. But the uncontradicted testimony is that the $10,000.00 investment in Gil Graber and Company represented funds in their joint bank account as late as Aprirl 1942, and that the funds in that account were derived from cattle transactions in which they had a joint interest, and which were created by their joint efforts."

In Singletary v. Commissioner, 5 Cir., 155. F.2d 207, a husband and wife pooled their resources to purchase a filling station.

This business prospered and other stations were purchased. The Court held the partnership valid despite proof that the wife was absent from the business during a great part of the time covered and was shown to have given birth to two babies and to have spent a great deal of time in caring for her home and for a period had taught school. She was adjudged a partner, because she had invested her money and contributed substantial services.

See also Walsh v. Commissioner of Internal Revenue, 8 Cir., 170 F.2d 535; Rupple v. Kuhl, Collector, D.C.Wis., 81 F.Supp. 318; Tompkins v. Commissioner, 4 Cir., 97 F.2d 396.

In Canfield v. Commissioner, 6 Cir., 168 F.2d 907, a partnership between husband and wife was held valid where the wife invested capital and contributed bits of advice in the conduct of the business. The same Court, in the case of Woosley v. Commissioner, 6 Cir., 168 F.2d 330, held valid a husband and wife partnership where the greater part of the capital was borrowed from the husband.

Considering all of the proven facts in the case at bar, the conduct of the parties, their respective abilities, and capital contribution, I think the substantial evidence in this case shows that the parties in good faith and acting with a business purpose intended to join together as partners and that Mrs. Huff contributed substantial services, first as an active partner and always as a consultant and adviser.

In the Canfield case, supra, the Court held that the Commissioner could not apportion income different from the distribution set out in the partnership.

It is concluded that the attempted allocation of $5000 to Mrs. Huff for services admittedly rendered to the partnership, is, of itself, a recognition of the validity of her claim to be a partner.

It is therefore concluded that plaintiff is entitled to recover $5082.48, with interest at the rate of six percentum per annum from the date of the payment January 18, 1947, as provided by Section 2411, Title 28, as amended May 24, 1949.

Judgment in accordance herewith may be submitted by counsel for plaintiff upon notice to opposing counsel.